# EXHIBIT A

# EXHIBIT A
**(Summons and Complaint)**

 CT Corporation

**Service of Process Transmittal**
10/01/2021
CT Log Number 540340818

TO:     John Sullivan, Corporate Counsel
        Costco Wholesale Corporation
        LEGAL DEPT., 999 LAKE DRIVE
        ISSAQUAH, WA 98027-

RE:     **Process Served in Delaware**

FOR:    Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KRISTINA A. BIENEK, an individual // To: Costco Wholesale Corporation |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # A21838724C |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/01/2021 at 12:28 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/01/2021, Expected Purge Date: 10/06/2021<br><br>Image SOP<br><br>Email Notification, Nicola Merrett  nmerrett@costco.com<br><br>Email Notification, John Sullivan  jsullivan@costco.com<br><br>Email Notification, Joanne Hallenbeck  jhallenbeck@costco.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Oct 1, 2021

**Server Name:** Wilmington Drop Serve

Entity Served          Costco Wholesale Corp.

Case Number           A21838724C

Jurisdiction          DE



Electronically Issued
7/30/2021 11:52 AM

**SUMM**

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| KRISTINA A. BIENEK, an individual; | CASE NO.: A-21-838724-C |
| Plaintiffs, | DEPT NO.: |
| vs. | |
| AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER, a Nevada corporation; REAL WATER INC., a Delaware Corporation; COSTCO WHOLESALE CORP., a Delaware Corporation; MAPLEBEAR, INC. d/b/a INSTACART, a Delaware Corporation; DOES 2 through 10, inclusive; ROE CORPORATIONS 11 through 20, inclusive; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive, | SUMMONS TO COSTCO WHOLESALE CORP.. |
| Defendants | |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT: COSTCO WHOLESALE CORP.**

A civil Complaint has been filed by the Plaintiff against you for the relief as set forth in the Complaint.

1. If you wish to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff, and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

STEVEN D. GRIERSON
CLERK OF THE COURT

Issued at the direction of
NETTLES | MORRIS

_/s/Andréa L. Vieira_         7/30/2021

Deputy Clerk             Date

_/s/Andréa L. Vieira_
Andréa L. Vieira, Esq., Nevada Bar #15667
Attorney for Plaintiff
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282

Regional Justice Center
200 East Lewis Avenue
Las Vegas, Nevada 89155

Demond Palmer

**NOTE:** When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure 4(b).

STATE OF _____ )
_____ )   ss:        **AFFIDAVIT OF SERVICE**
COUNTY OF _____ )

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint,

_____
_____

on the _____ day of _____, 20_____, and served the same on the _____ day of _____, 20_____, by:

**(Affiant must complete the appropriate paragraph)**

1.    Delivering and leaving a copy with the Defendant at (state address) _____
_____ .

2.    Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's usual place of abode located at (state address) _____
_____ .

(Use paragraph 3 for service upon agent, completing A or B)

3.    Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____
_____ .

a.    With _____, as _____
an agent lawfully designated by statute to accept service of process;

b.    With _____, pursuant to NRS § 14.020 as a persona of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.    Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (check appropriate method):

                        ___ Ordinary mail
                        ___ Certified mail, return receipt requested
                        ___ Registered mail, return receipt requested

addressed to the defendant _____ at Defendant's last known address which is (state address) _____
_____ .

**SUBSCRIBED AND SWORN** to before me this
_____ day of _____, 20_____.

_____
Signature of person making service

_____
NOTARY PUBLIC in and for the
County of _____
State of Nevada

Electronically Filed
7/30/2021 11:52 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
ANDRÉA L. VIEIRA, ESQ.
Nevada Bar No. 15667
NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettlesmorris.com
christian@nettlesmorris.com
andreav@nettlesmorries.com
*Attorneys for Plaintiff*

CASE NO: A-21-838724-C
Department 5

### DISTRICT COURT
### CLARK COUNTY, NEVADA

| | |
|---|---|
| KRISTINA A. BIENEK, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER, a Nevada corporation; REAL WATER INC., a Delaware Corporation; COSTCO WHOLESALE CORP., a Delaware Corporation; MAPLEBEAR, INC. d/b/a INSTACART, a Delaware Corporation; DOES 2 through 10, inclusive; ROE CORPORATIONS 11 through 20, inclusive; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br>**COMPLAINT** |

Plaintiff, KRISTINA A. BIENEK, by and through her counsel, Brian D. Nettles, Esq., Christian M. Morris, Esq., and Andréa L. Vieira, Esq., of the law firm NETTLES | MORRIS, and for her causes of action against Defendants, and each of them, hereby complains and alleges as follows:

///

-1-

**STATEMENT OF JURISDICTION AND VENUE**

1.      The Eighth Judicial District Court has jurisdiction over this action pursuant to Art. VI Sec. 6 of the Nevada Constitution, NRCP 8(a)(4), NRS 13.040, and NRS 41.130 as the occurrence giving rise to this case took place in Clark County, Nevada and the amount in controversy exceeds $15,000.00.

2.      Jurisdiction by this Court is proper over Defendants in this action because each Defendant has done and continues to do business in the State of Nevada, including, but not limited to, selling toxic, unsafe, and harmful bottled water products to Nevada residents in violation of Nevada laws.

3.      Plaintiff bought the toxic, unsafe, and harmful products from Defendants while she resided in Clark County, Nevada.

4.      Additionally, Plaintiff currently resides in Clark County, Nevada.

**PARTIES**

5.      Plaintiff KRISTINA A. BIENEK is, and at all relevant times was, an individual residing in Clark County, Nevada.

6.      Upon information and belief, Defendant AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER (hereinafter "Affinity") is, and at all relevant times was, a Nevada Corporation doing business in Clark County, Nevada as "Real Water" making and selling several "Real Water" products, including bottled water.

7.      Upon information and belief, Defendant REAL WATER INC. (hereinafter "RWI") is, and at all relevant times was, a Delaware Corporation doing business in Clark County, Nevada making and selling several "Real Water" products, including bottled water.

8.      Upon information and belief, Defendant COSTCO WHOLESALE CORP. (hereinafter "Costco") is and at all relevant times was, a Delaware Corporation doing business in Clark County, Nevada selling several "Real Water" products, including bottled water.

9.      Upon information and belief, Defendant MAPLEBEAR INC. d/b/a INSTACART (hereinafter "Instacart") is, and at all relevant times was, a Delaware Corporation doing business in Clark County, Nevada selling several "Real Water" products, including bottled water.

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

-2-

10.     The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants DOES 2 through 10, ROE CORPORATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30 ("Does/Roe/ABC"), are unknown to Plaintiffs at this time, whom therefore sues said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this Complaint accordingly.

11.     On information and belief, Doe/Roe/ABC Defendants participated in the design, construction, maintenance, ownership, management, control, operation, care, and/or upkeep of the Subject Premises; Doe/Roe/ABC Defendants include, but are not limited to, owners, operators, occupiers, lessees, managers, manufacturers, developers, producers, general contractors, subcontractors, security companies, maintenance companies, material providers, equipment providers, architects, designers, engineers, governmental authorities, insurers, lenders, investors, and their agents, servants, representatives, employees, partners, joint venturers, related companies, subsidiaries, parents, affiliates, predecessors, partners and/or successors in interest.

12.     On information and belief, Does/Roe/ABC are responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged.

**FACTS COMMON TO ALL CAUSES OF ACTION**

13.     Between August 2019 and April 2020, Plaintiff purchased, and consumed bottled water labeled as "Real Water."

14.     Plaintiff purchased all the "Real Water" she consumed from Defendant Costco via Defendant Instacart, which provides grocery delivery services.

15.     Soon after beginning to consume "Real Water," Plaintiff began to feel very sick, developing palpitation, increased heart rate, nausea, cognitive challenges, and weakness.

16.     On August 24, 2019, Plaintiff went to the emergency room at St. Rose Dominican Hospital-Sahara Campus in Las Vegas, NV and was found to have elevated liver enzymes.

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

17.     When liver cells are damaged, they release enzymes into the bloodstream.  High levels of liver enzymes in the blood can signify a liver problem.

18.     Plaintiff's treating doctors could not determine a cause for the spike of liver enzymes in her bloodstream.

19.     Not knowing that Real Water was the source of her sickness, Plaintiff continued to buy and consume "Real Water."

20.     In the following months, Plaintiff continued to experience the aforementioned symptoms and underwent several diagnostic tests in search for the cause of her sickness and elevated liver enzymes.

21.     In the weeks leading up January 2020, Plaintiff's symptoms increased in severity. She additionally began to experience jaundice, increased confusion, malaise, and poor appetite.

22.     On January 2, 2020, Plaintiff was found to have extremely elevated liver enzymes and was diagnosed with acute liver failure.

23.     Plaintiff was never diagnosed with any underlying conditions— her doctors could not figure out why an otherwise healthy forty-six-year-old woman was experiencing these enzyme spikes.

24.     Upon information and belief, Plaintiff's liver injury was caused by her consumption of Defendants' bottled water products.

25.     Plaintiff relied upon the Defendants' respective misleading representations and omissions regarding the safety and health benefits of the bottled water product, including the lack of toxins and/or other contaminants, prior to her purchases and consumption of the product.

26.     Plaintiff purchased Defendants' water products because she believed that they did not contain elevated levels of toxins and/or other harmful contaminants, were safe for consumption, and provided health benefits when consumed.

27.     Plaintiff never would have purchased or consumed Defendants' bottled water products had she known that Defendants' bottled water contained toxins and/or other harmful contaminants that would cause severe bodily injury including, but not limited to, liver injury.

///

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

-4-

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

**REAL WATER**

28.     Upon information and belief, Real Water is sold at Sprouts, Whole Foods, Costco, and online through Amazon, Instacart, and other grocery delivery services.

29.     Defendants make multiple false and/or misleading health related claims on the labeling of its bottled water product, including, but not limited to, "Real Water Strives to be the healthiest drinking water available today", "It can help your body to become more alkalized to improve your health," and "Transform yourself with real water!"

30.     Plaintiff relied on these misleading health representations when she decided to purchase Real Water.

31.     The safety of a consumer product, such as Defendants' bottled water, is of the utmost importance to consumers such as Plaintiff.

32.     Defendants know that consumers, such as Plaintiff, would not purchase consumer products, such as Defendants' bottled water, that are toxic and unsafe for consumption.

33.     As such, Defendants know that the safety of their bottled water product is a material fact to consumers, and thus, the presence of toxins and/or other harmful contaminants in their water is a material fact to consumers, such as Plaintiff.

34.     Manufacturers of consumer products (such as Defendants Affinity and RWI) and sellers (such as Defendants Costco and Instacart) hold a special position of public trust. Consumers believe that they would not manufacture and/or sell unsafe/harmful products.

35.     By putting the toxic products in the stream of commerce, Defendants put consumers, including Plaintiff, in unnecessary danger. ·

36.     On information and belief, there is an ongoing investigation by the Food and Drug Administration ("FDA") and Southern Nevada Health District ("SNHD") regarding numerous liver injury cases in Nevada and around the United States that were potentially caused by the consumption of Real Water.

37.     The FDA, through its website, is recommending that "consumers, restaurants, distributors, and retailers" not "drink, cook with, sell, or serve 'Real Water'".

38.     Plaintiff brings this action seeking recovery for the damages she suffered as a

result of negligence, misrepresentations, omissions, and deceptions by Defendants Affinity and RWI, and against Defendants Costco and Instacart for placing the toxic products in the stream of commerce.

## FIRST CAUSE OF ACTION
### (Strict Liability – Failure to Warn Against All Defendants)

39.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

40.     Bottled water, which was manufactured by Defendants Affinity and RWI and sold by all Defendants was defective and unreasonably dangerous. Defendants failed to warn consumers, including Plaintiff, about elevated levels of toxins and/or other harmful contaminants in their products, the existence of which Defendants either knew or should have known about.

41.     If adequately warned, Plaintiff would have taken precautions to avoid injury.

42.     The Nevada Supreme Court has held that anybody "who places upon the market a bottled beverage in a condition dangerous for use must be held strictly liable to the ultimate user for injuries resulting from such use, although the seller has exercised all reasonable care, and the user has not entered into a contractual relation with him." *Shoshone Coca-Cola Bottling Co. v. Dolinski*, 82 Nev. 439, 441 (1966). This applies to the "manufacturer and distributor of a bottled beverage." *Id.* at 442.

43.     Furthermore, one who causes a product to "enter the stream of commerce" or "passes it on" in the stream of commerce can be held strictly liable for any harm caused by defects in the product. This includes manufacturers, suppliers, retailers, distributors, lessors, assemblers of component parts into finished products and, in some cases, contractors. *See Alvarez v. Felker Manufacturing*, 230 Cal.App.2d 987 (1964).

44.     Defendants Costco and Instacart were retailers and distributors of Defendants Affinity's and RWI's bottled water, thus causing it to enter the stream of commerce. Accordingly, Defendants Costco and Instacart are also strictly liable for the injuries Plaintiff sustained by consuming Affinity's and RWI's toxic product.

45.     As a direct and proximate result of the defective nature of Defendants Affinity's and RWI's bottled water products, as well as Defendants Costco's and Instacart's distribution of

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

1   the defective product, and their lack of warning regarding the same, Plaintiff has suffered

2   permanent and severe medical injuries including severe liver damage, severe pain and suffering,

3   loss of normal life, and disability, all to Plaintiff's damage in a sum in excess of $15,000.00.

4       46.    As a direct and proximate result of acts as alleged herein, Plaintiff received

5   medical and other treatments for injuries sustained to body, limbs, organs and nervous systems,

6   all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage

7   in a sum in excess of $15,000.00.  That said services, care, and treatment are continuing and shall

8   continue in the future.

9       47.    In carrying out its responsibilities for the design, manufacturer, testing, labeling,

10  distribution, marketing, and sale of their bottled water, Defendants acted with fraud, malice,

11  express or implied, oppression and/or conscious disregard of the safety of others. As a direct and

12  proximate result of the Defendants' conduct, Plaintiff is entitled to an award of punitive damages.

13      48.    As a direct and proximate result of Defendants' extreme and outrageous conduct,

14  Plaintiff suffered substantial physical injuries, harms and losses including, but not limited to

15  severe liver damage, multiple emergency room visits and diagnostic tests, severe pain and

16  suffering, loss of normal life, and disability, all to Plaintiff's damage in a sum in excess of

17  $15,000.00.

18      49.    As a direct and proximate result of the acts of Defendants, and each of them, as

19  alleged herein, Plaintiff has had to retain the services of the law firm of NETTLES | MORRIS

20  to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred

21  therein.

22          **SECOND CAUSE OF ACTION**
23   **(Breach of Implied Warranty of Merchantability Against All Defendants)**

24      50.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs

25  as though fully set forth herein.

26      51.    An implied warranty of merchantability existed between Plaintiff and Defendants

27  Affinity, RWI, Costco, and Instacart under Nevada Law, i.e., NRS 104.2314.

28      52.    Defendants sold bottled water products with toxins and/or other harmful

contaminants to Plaintiff.

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

-7-

53.     Defendants breached the implied warranty of merchantability when they sold contaminated, unsafe bottled water products to Plaintiff.

54.     As a direct result of Defendants' breach of implied warranty of merchantability, Plaintiff has sustained the injuries and damages as alleged herein.

55.     As a direct and proximate result of Defendants' breaches as alleged herein, Plaintiff has suffered permanent and severe medical injuries including severe liver damage, severe pain and suffering, loss of normal life, and disability as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

56.     As a direct and proximate result of Defendants' breaches as alleged herein, Plaintiff has and will incur past, present, and future medical expenses as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

57.     As a direct and proximate result of Defendants' breaches as alleged herein, Plaintiff has incurred permanent injuries as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

58.     As a direct and proximate result of the acts of Defendants, and each of them, as alleged herein, Plaintiff has had to retain the services of the law firm of NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred therein.

## THIRD CAUSE OF ACTION
### (Negligence *Per Se* - Adulterated Product Against All Defendants)

59.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

60.     NRS 585.300 provides in pertinent part that "[a] good shall be deemed to be adulterated if … [i]t bears or contains any poisonous or deleterious substance which may render it injurious to health unless the substance is not as added substance and the quantity of the substance does not ordinarily render it injurious to health…"

61.     NRS 585.310 provides in pertinent part that "[a] good shall be deemed to be adulterated … [i]f damage or inferiority has been concealed in any manner…"

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

62.    NRS 585.320 provides in pertinent part that "[a] good shall be deemed to be adulterated if it falls below the standard of purity, quality or strength which it purports or is represented to possess."

63.    NRS 585.520 provides in pertinent part that "[t]he following acts and the causing thereof within the State of Nevada are hereby prohibited: ... [t]he manufacture, sale or delivery, holding or offering for sale of any good, drug, device or cosmetic that is adulterated or misbranded."

64.    NRS 585.550 provides that a person who violates the foregoing provisions is "guilty of a gross misdemeanor."

65.    The Nevada Supreme Court has held that knowledge is not a necessary element for a violation of NRS 585.520. *See Duchess Business Services, Inc. v. Nevada State Board of Pharmacy*, 181 P.2d 1159, 1169 (2008) ("we conclude that NRS 585.520(1) contains no knowledge requirement and that liability may be imposed under that section absent consciousness of any wrongdoing.").

66.    At all times relevant hereto, Defendants owed Plaintiff a duty to act in compliance with the laws of the State of Nevada, including but not limited to one or more statutes contained in the Nevada Revised Statutes, including but not limited to NRS Chapter 585.

67.    By failing to obey and comply with the Nevada Revised Statutes, by adulterating its bottled water products, placing its bottled water products for sale, and/or placing its bottled water products in the stream of commerce, Defendants violated Nevada law.

68.    · Defendants' violation of Nevada law was the direct and proximate cause of Plaintiff's injuries and damages as alleged herein.

69.    Nevada laws, rules, and regulations contained in the Nevada Revised Statutes exist to prevent incidents such as the one complained of herein and to protect persons such as the Plaintiff and others similarly situated.

70.    By violating Nevada laws, statutes, codes, rules, ordinances, and/or regulations, Defendants were negligent *per se*.

71.    As a direct and proximate result of the Defendants' negligence *per se*, Plaintiff sustained the injuries, damages, and losses as set forth herein.

72.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has suffered and will continue to suffer significant physical injury, pain, suffering, and extreme and severe mental anguish and emotional distress.

73.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has suffered permanent and severe medical injuries including severe liver damage, severe pain and suffering, loss of normal life, and disability as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

74.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has and will incur past, present, and future medical expenses as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

75.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has incurred permanent injuries as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

76.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has had to retain the services of the law firm of NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred therein.

## FOURTH CAUSE OF ACTION
### (Negligence Against All Defendants)

77.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

78.    Defendants owed a duty of care to Plaintiff in the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of RWI's and Affinity's bottled water products.

79.    Defendants RWI and Affinity breached this duty of care in contaminating their bottled water products, and/or allowing their bottled water products to be contaminated with toxins and/or other harmful contaminants unsafe for human consumption.

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

-10-

1    80.    Defendants Affinity and RWI breached their duty of care by failing to warn

2 consumers that their bottled water products were contaminated.

3    81.    Defendants Affinity, RWI, Costco, and Instacart breached their duty of care by

4 placing the contaminated bottled water products for sale, and/or placing the contaminated bottled

5 water products in the stream of commerce.

6    82.    As the actual, direct, proximate, and legal result of the acts of Defendants, and

7 each of them, as alleged herein Plaintiff has suffered permanent and severe medical injuries

8 including severe liver damage, severe pain and suffering, loss of normal life, and disability as

9 alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

10    83.    As the actual, direct, proximate, and legal result of the acts of Defendants, and

11 each of them, as alleged herein Plaintiff has and will incur past, present, and future medical

12 expenses as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

13    84.    As the actual, direct, proximate, and legal result of the acts of Defendants, and

14 each of them, as alleged herein Plaintiff has incurred permanent injuries as alleged herein, and

15 all to Plaintiff's damage in a sum in excess of $15,000.00.

16    85.    As the actual, direct, proximate, and legal result of the acts of Defendants, and

17 each of them, as alleged herein Plaintiff has had to retain the services of the law firm of

18 NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable

19 attorney's fees incurred therein.

20                    **FIFTH CAUSE OF ACTION**

21  **(Violation of Nevada Deceptive Trade Practices Act – NRS §§ 598.0903 to 598.0999 Against Defendants RWI and Affinity)**

22    86.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs

23 as though fully set forth herein.

24    87.    At all times relevant herein, Defendants Affinity and RWI violated the Nevada

25 Deceptive Trade Practices Act, §§ 598.0903 to 598.0999, by representing to its Nevada

26 customers and consumers that their manufactured and sold bottled water products were safe and

27 failed to take into consideration the damages consumers throughout Nevada would sustain

28 through the use of Defendants' unsafe products.

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

-11-

88.    Defendants Affinity and RWI made false or misleading statements of fact concerning the safety of their products ("the healthiest drinking water available today") and intentionally omitted reference to the dangerous toxins and/or other harmful contaminants contained in their products in violation of NRS 598.0915(13), and otherwise made knowingly false representations in their communications with Nevada consumers by representing that their products were safe.

89.    As a direct result of Defendants' conduct, Plaintiff has been deprived of fair and adequate bottled water products for which they paid, and to which they were fairly and lawfully entitled.

90.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has suffered permanent and severe medical injuries including severe liver damage, severe pain and suffering, loss of normal life, and disability as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

91.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has and will incur past, present, and future medical expenses as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

92.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has incurred permanent injuries as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

93.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has had to retain the services of the DOLAN LAW OFFICES, P.C. and the law firm of NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred therein.

## SIXTH CAUSE OF ACTION
### (Strict Liability – Unreasonably Dangerous Against All Defendants)

94.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

95.    Defendants Affinity's and RWI's bottled water products are defective and

-12-

unreasonably dangerous because their elevated levels of toxins and/or other harmful contaminants rendered them unsuited to perform as reasonably expected in light of their nature and intended function.

96.     Defendants Affinity's and RWI's bottled water products are more dangerous than would be contemplated by the ordinary user having the ordinary knowledge available in the community given the presence of toxins and/or other harmful contaminants therein.

97.     Plaintiff was exposed to Defendants Affinity's and RWI's bottled water products through retail purchases (from Defendants Costco and Instacart) and consumption of the same, as was intended by Defendants Affinity and RWI.

98.     Safer alternative ingredients, materials, and/or designs were available at all relevant times, beginning when Plaintiff first purchased Defendants Affinity's and RWI's bottled water products.

99.     As a direct and proximate result of the elevated levels of toxins and/or other harmful contaminants in Defendants Affinity's and RWI's bottled water products, Plaintiff has suffered permanent and severe medical injuries including severe liver damage, severe pain and suffering, loss of normal life, and disability as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

100.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has and will incur past, present, and future medical expenses as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

101.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has incurred permanent injuries as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

102.    In carrying out its responsibilities for the design, manufacture, testing, labeling, distribution, marketing, and sale of their bottled water products, Defendants acted with fraud, malice, express or implied, oppression and/or conscious disregard of the safety of others. As a direct and proximate result of the conduct of Defendants, Plaintiff is entitled to punitive damages in excess of this Court's jurisdictional minimum.

-13-

103.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has had to retain the services of the law firm of NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred therein.

**WHEREFORE**, Plaintiff expressly reserving the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays for judgment against the Defendants, and each of them, as follows:

1.    For general and special damages in excess of $15,000;

2.    For past and future medical expenses in a sum to be determined at trial;

3.    For general damages for pain, suffering, mental distress, anguish and fear, to be determined at trial;

4.    For punitive damages pursuant to NRS Chapter 42;

5.    For a determination that Defendants were negligent *per se;*

6.    For any and all pre- and post-judgment interest allowed under the law;

7.    For reasonable attorney's fees plus costs of suit, and

8.    For such other and further relief as the court may deem just and proper.

DATED this 30th day of July, 2021.

NETTLES | MORRIS

/s/ Andréa L. Vieira
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
ANDRÉA L. VIEIRA, ESQ.
Nevada Bar No. 15667
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiff*

-14-

Electronically Issued
7/30/2021 11:52 AM

**SUMM**

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| KRISTINA A. BIENEK, an individual;<br><br>                                Plaintiffs,<br><br>vs.<br><br>AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER, a Nevada corporation; REAL WATER INC., a Delaware Corporation; COSTCO WHOLESALE CORP., a Delaware Corporation; MAPLEBEAR, INC. d/b/a INSTACART, a Delaware Corporation; DOES 2 through 10, inclusive; ROE CORPORATIONS 11 through 20, inclusive; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>                                Defendants | CASE NO.:  A-21-838724-C<br>DEPT NO.:<br><br><br>**SUMMONS TO MAPLEBEAR, INC. d/b/a INSTACART.** |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT: MAPLEBEAR, INC. d/b/a INSTACART**

A civil Complaint has been filed by the Plaintiff against you for the relief as set forth in the Complaint.

1.   If you wish to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    a.   File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b.   Serve a copy of your response upon the attorney whose name and address is shown below.

2.   Unless you respond, your default will be entered upon application of the Plaintiff, and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

STEVEN D. GRIERSON
CLERK OF THE COURT

Issued at the direction of
NETTLES | MORRIS

_____            7/30/2021
Deputy Clerk                                Date

 /s/Andréa L. Vieira
Andréa L. Vieira, Esq., Nevada Bar #15667
Attorney for Plaintiff
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282

Regional Justice Center
200 East Lewis Avenue
Las Vegas, Nevada 89155

Demond Palmer

**NOTE:**      When service is by publication, add a brief statement of the object of the action.  See Rules of Civil Procedure 4(b).

**STATE OF** _____ )
                                      )   ss:           **AFFIDAVIT OF SERVICE**
**COUNTY OF** _____ )

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made.  That affiant received _____ copy(ies) of the Summons and Complaint,

_____

on the _____ day of _____, 20_____, and served the same on the _____ day of _____, 20_____, by:

         **(Affiant must complete the appropriate paragraph)**

1.    Delivering and leaving a copy with the Defendant at (state address) _____
_____.

2.    Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's usual place of abode located at (state address) _____.

        (Use paragraph 3 for service upon agent, completing A or B)

3.    Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____
_____.

        a.   With _____, as _____ an agent lawfully designated by statute to accept service of process;

        b.   With _____, pursuant to NRS § 14.020 as a persona of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.    Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (check appropriate method):

                                            ___ Ordinary mail
                                          ___ Certified mail, return receipt requested
                                          ___ Registered mail, return receipt requested

    addressed to the defendant _____ at Defendant's last known address which is (state address) _____
_____.

**SUBSCRIBED AND SWORN** to before me this
_____ day of _____, 20_____.

                                    _____
                                       Signature of person making service

_____
**NOTARY PUBLIC** in and for the
County of _____
State of Nevada

Electronically Filed
7/30/2021 11:52 AM
Steven D. Grierson
CLERK OF THE COURT

1    **COMP**
     BRIAN D. NETTLES, ESQ.
2    Nevada Bar No. 7462
     CHRISTIAN M. MORRIS, ESQ.
3    Nevada Bar No. 11218
     ANDRÉA L. VIEIRA, ESQ.
4    Nevada Bar No. 15667
     NETTLES | MORRIS
5    1389 Galleria Drive, Suite 200
     Henderson, Nevada 89014
6    Telephone:  (702) 434-8282
     Facsimile:  (702) 434-1488
7    brian@nettlesmorris.com
8    christian@nettlesmorris.com
     andreav@nettlesmorries.com
9    *Attorneys for Plaintiff*
10

                         CASE NO: A-21-838724-C
                              Department 5

                        **DISTRICT COURT**
11                   **CLARK COUNTY, NEVADA**

12   KRISTINA A. BIENEK, an individual;      CASE NO.:
13                                           DEPT NO.:
                    Plaintiffs,
14   vs.

15   AFFINITYLIFESTYLES.COM, INC. d/b/a      **COMPLAINT**
16   REAL WATER, a Nevada corporation;
     REAL WATER INC., a Delaware
17   Corporation; COSTCO WHOLESALE
     CORP., a Delaware Corporation;
18   MAPLEBEAR, INC. d/b/a INSTACART, a
     Delaware Corporation; DOES 2 through 10,
19   inclusive; ROE CORPORATIONS 11
     through 20, inclusive; and ABC LIMITED
20   LIABILITY COMPANIES 21 through 30,
21   inclusive,
22
23                  Defendants.

24        Plaintiff, KRISTINA A. BIENEK, by and through her counsel, Brian D. Nettles, Esq.,
25   Christian M. Morris, Esq., and Andréa L. Vieira, Esq., of the law firm NETTLES | MORRIS, and
26   for her causes of action against Defendants, and each of them, hereby complains and alleges as
27   follows:
28   ///

                                    -1-

## STATEMENT OF JURISDICTION AND VENUE

1.     The Eighth Judicial District Court has jurisdiction over this action pursuant to Art. VI Sec. 6 of the Nevada Constitution, NRCP 8(a)(4), NRS 13.040, and NRS 41.130 as the occurrence giving rise to this case took place in Clark County, Nevada and the amount in controversy exceeds $15,000.00.

2.     Jurisdiction by this Court is proper over Defendants in this action because each Defendant has done and continues to do business in the State of Nevada, including, but not limited to, selling toxic, unsafe, and harmful bottled water products to Nevada residents in violation of Nevada laws.

3.     Plaintiff bought the toxic, unsafe, and harmful products from Defendants while she resided in Clark County, Nevada.

4.     Additionally, Plaintiff currently resides in Clark County, Nevada.

## PARTIES

5.     Plaintiff KRISTINA A. BIENEK is, and at all relevant times was, an individual residing in Clark County, Nevada.

6.     Upon information and belief, Defendant AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER (hereinafter "Affinity") is, and at all relevant times was, a Nevada Corporation doing business in Clark County, Nevada as "Real Water" making and selling several "Real Water" products, including bottled water.

7.     Upon information and belief, Defendant REAL WATER INC. (hereinafter "RWI") is, and at all relevant times was, a Delaware Corporation doing business in Clark County, Nevada making and selling several "Real Water" products, including bottled water.

8.     Upon information and belief, Defendant COSTCO WHOLESALE CORP. (hereinafter "Costco") is and at all relevant times was, a Delaware Corporation doing business in Clark County, Nevada selling several "Real Water" products, including bottled water.

9.     Upon information and belief, Defendant MAPLEBEAR INC. d/b/a INSTACART (hereinafter "Instacart") is, and at all relevant times was, a Delaware Corporation doing business in Clark County, Nevada selling several "Real Water" products, including bottled water.

-2-

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

10.     The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants DOES 2 through 10, ROE CORPORATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30 ("Does/Roe/ABC"), are unknown to Plaintiffs at this time, whom therefore sues said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this Complaint accordingly.

11.     On information and belief, Doe/Roe/ABC Defendants participated in the design, construction, maintenance, ownership, management, control, operation, care, and/or upkeep of the Subject Premises; Doe/Roe/ABC Defendants include, but are not limited to, owners, operators, occupiers, lessees, managers, manufacturers, developers, producers, general contractors, subcontractors, security companies, maintenance companies, material providers, equipment providers, architects, designers, engineers, governmental authorities, insurers, lenders, investors, and their agents, servants, representatives, employees, partners, joint venturers, related companies, subsidiaries, parents, affiliates, predecessors, partners and/or successors in interest.

12.     On information and belief, Does/Roe/ABC are responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged.

## FACTS COMMON TO ALL CAUSES OF ACTION

13.     Between August 2019 and April 2020, Plaintiff purchased, and consumed bottled water labeled as "Real Water."

14.     Plaintiff purchased all the "Real Water" she consumed from Defendant Costco via Defendant Instacart, which provides grocery delivery services.

15.     Soon after beginning to consume "Real Water," Plaintiff began to feel very sick, developing palpitation, increased heart rate, nausea, cognitive challenges, and weakness.

16.     On August 24, 2019, Plaintiff went to the emergency room at St. Rose Dominican Hospital-Sahara Campus in Las Vegas, NV and was found to have elevated liver enzymes.

-3-

17.   When liver cells are damaged, they release enzymes into the bloodstream. High levels of liver enzymes in the blood can signify a liver problem.

18.   Plaintiff's treating doctors could not determine a cause for the spike of liver enzymes in her bloodstream.

19.   Not knowing that Real Water was the source of her sickness, Plaintiff continued to buy and consume "Real Water."

20.   In the following months, Plaintiff continued to experience the aforementioned symptoms and underwent several diagnostic tests in search for the cause of her sickness and elevated liver enzymes.

21.   In the weeks leading up January 2020, Plaintiff's symptoms increased in severity. She additionally began to experience jaundice, increased confusion, malaise, and poor appetite.

22.   On January 2, 2020, Plaintiff was found to have extremely elevated liver enzymes and was diagnosed with acute liver failure.

23.   Plaintiff was never diagnosed with any underlying conditions— her doctors could not figure out why an otherwise healthy forty-six-year-old woman was experiencing these enzyme spikes.

24.   Upon information and belief, Plaintiff's liver injury was caused by her consumption of Defendants' bottled water products.

25.   Plaintiff relied upon the Defendants' respective misleading representations and omissions regarding the safety and health benefits of the bottled water product, including the lack of toxins and/or other contaminants, prior to her purchases and consumption of the product.

26.   Plaintiff purchased Defendants' water products because she believed that they did not contain elevated levels of toxins and/or other harmful contaminants, were safe for consumption, and provided health benefits when consumed.

27.   Plaintiff never would have purchased or consumed Defendants' bottled water products had she known that Defendants' bottled water contained toxins and/or other harmful contaminants that would cause severe bodily injury including, but not limited to, liver injury.

///

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

-4-

**REAL WATER**

28.    Upon information and belief, Real Water is sold at Sprouts, Whole Foods, Costco, and online through Amazon, Instacart, and other grocery delivery services.

29.    Defendants make multiple false and/or misleading health related claims on the labeling of its bottled water product, including, but not limited to, "Real Water Strives to be the healthiest drinking water available today", "It can help your body to become more alkalized to improve your health," and "Transform yourself with real water!"

30.    Plaintiff relied on these misleading health representations when she decided to purchase Real Water.

31.    The safety of a consumer product, such as Defendants' bottled water, is of the utmost importance to consumers such as Plaintiff.

32.    Defendants know that consumers, such as Plaintiff, would not purchase consumer products, such as Defendants' bottled water, that are toxic and unsafe for consumption.

33.    As such, Defendants know that the safety of their bottled water product is a material fact to consumers, and thus, the presence of toxins and/or other harmful contaminants in their water is a material fact to consumers, such as Plaintiff.

34.    Manufacturers of consumer products (such as Defendants Affinity and RWI) and sellers (such as Defendants Costco and Instacart) hold a special position of public trust. Consumers believe that they would not manufacture and/or sell unsafe/harmful products.

35.    By putting the toxic products in the stream of commerce, Defendants put consumers, including Plaintiff, in unnecessary danger.

36.    On information and belief, there is an ongoing investigation by the Food and Drug Administration ("FDA") and Southern Nevada Health District ("SNHD") regarding numerous liver injury cases in Nevada and around the United States that were potentially caused by the consumption of Real Water.

37.    The FDA, through its website, is recommending that "consumers, restaurants, distributors, and retailers" not "drink, cook with, sell, or serve 'Real Water'".

38.    Plaintiff brings this action seeking recovery for the damages she suffered as a

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

result of negligence, misrepresentations, omissions, and deceptions by Defendants Affinity and RWI, and against Defendants Costco and Instacart for placing the toxic products in the stream of commerce.

## FIRST CAUSE OF ACTION
### (Strict Liability – Failure to Warn Against All Defendants)

39.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

40.     Bottled water, which was manufactured by Defendants Affinity and RWI and sold by all Defendants was defective and unreasonably dangerous. Defendants failed to warn consumers, including Plaintiff, about elevated levels of toxins and/or other harmful contaminants in their products, the existence of which Defendants either knew or should have known about.

41.     If adequately warned, Plaintiff would have taken precautions to avoid injury.

42.     The Nevada Supreme Court has held that anybody "who places upon the market a bottled beverage in a condition dangerous for use must be held strictly liable to the ultimate user for injuries resulting from such use, although the seller has exercised all reasonable care, and the user has not entered into a contractual relation with him." *Shoshone Coca-Cola Bottling Co. v. Dolinski*, 82 Nev. 439, 441 (1966). This applies to the "manufacturer and distributor of a bottled beverage." *Id.* at 442.

43.     Furthermore, one who causes a product to "enter the stream of commerce" or "passes it on" in the stream of commerce can be held strictly liable for any harm caused by defects in the product. This includes manufacturers, suppliers, retailers, distributors, lessors, assemblers of component parts into finished products and, in some cases, contractors. *See Alvarez v. Felker Manufacturing*, 230 Cal.App.2d 987 (1964).

44.     Defendants Costco and Instacart were retailers and distributors of Defendants Affinity's and RWI's bottled water, thus causing it to enter the stream of commerce. Accordingly, Defendants Costco and Instacart are also strictly liable for the injuries Plaintiff sustained by consuming Affinity's and RWI's toxic product.

45.     As a direct and proximate result of the defective nature of Defendants Affinity's and RWI's bottled water products, as well as Defendants Costco's and Instacart's distribution of

-6-

the defective product, and their lack of warning regarding the same, Plaintiff has suffered permanent and severe medical injuries including severe liver damage, severe pain and suffering, loss of normal life, and disability, all to Plaintiff's damage in a sum in excess of $15,000.00.

46.   As a direct and proximate result of acts as alleged herein, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000.00.  That said services, care, and treatment are continuing and shall continue in the future.

47.   In carrying out its responsibilities for the design, manufacturer, testing, labeling, distribution, marketing, and sale of their bottled water, Defendants acted with fraud, malice, express or implied, oppression and/or conscious disregard of the safety of others. As a direct and proximate result of the Defendants' conduct, Plaintiff is entitled to an award of punitive damages.

48.   As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff suffered substantial physical injuries, harms and losses including, but not limited to severe liver damage, multiple emergency room visits and diagnostic tests, severe pain and suffering, loss of normal life, and disability, all to Plaintiff's damage in a sum in excess of $15,000.00.

49.   As a direct and proximate result of the acts of Defendants, and each of them, as alleged herein, Plaintiff has had to retain the services of the law firm of NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred therein.

**SECOND CAUSE OF ACTION**
**(Breach of Implied Warranty of Merchantability Against All Defendants)**

50.   Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

51.   An implied warranty of merchantability existed between Plaintiff and Defendants Affinity, RWI, Costco, and Instacart under Nevada Law, i.e., NRS 104.2314.

52.   Defendants sold bottled water products with toxins and/or other harmful contaminants to Plaintiff.

-7-

53. Defendants breached the implied warranty of merchantability when they sold contaminated, unsafe bottled water products to Plaintiff.

54. As a direct result of Defendants' breach of implied warranty of merchantability, Plaintiff has sustained the injuries and damages as alleged herein.

55. As a direct and proximate result of Defendants' breaches as alleged herein, Plaintiff has suffered permanent and severe medical injuries including severe liver damage, severe pain and suffering, loss of normal life, and disability as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

56. As a direct and proximate result of Defendants' breaches as alleged herein, Plaintiff has and will incur past, present, and future medical expenses as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

57. As a direct and proximate result of Defendants' breaches as alleged herein, Plaintiff has incurred permanent injuries as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

58. As a direct and proximate result of the acts of Defendants, and each of them, as alleged herein, Plaintiff has had to retain the services of the law firm of NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred therein.

### THIRD CAUSE OF ACTION
**(Negligence *Per Se* - Adulterated Product Against All Defendants)**

59. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

60. NRS 585.300 provides in pertinent part that "[a] good shall be deemed to be adulterated if … [i]t bears or contains any poisonous or deleterious substance which may render it injurious to health unless the substance is not as added substance and the quantity of the substance does not ordinarily render it injurious to health…"

61. NRS 585.310 provides in pertinent part that "[a] good shall be deemed to be adulterated … [i]f damage or inferiority has been concealed in any manner…"

-8-

NETTLES | MORRIS
1389 Galleria Drive Suite 200
Henderson, NV 89014
(702) 434-8282 / (702) 434-1488 (fax)

1    62.    NRS 585.320 provides in pertinent part that "[a] good shall be deemed to be

2  adulterated if it falls below the standard of purity, quality or strength which it purports or is

3  represented to possess."

4    63.    NRS 585.520 provides in pertinent part that "[t]he following acts and the causing

5  thereof within the State of Nevada are hereby prohibited: … [t]he manufacture, sale or delivery,

6  holding or offering for sale of any good, drug, device or cosmetic that is adulterated or

7  misbranded."

8    64.    NRS 585.550 provides that a person who violates the foregoing provisions is

9  "guilty of a gross misdemeanor."

10    65.    The Nevada Supreme Court has held that knowledge is not a necessary element

11  for a violation of NRS 585.520. *See Duchess Business Services, Inc. v. Nevada State Board of*

12  *Pharmacy*, 181 P.2d 1159, 1169 (2008) ("we conclude that NRS 585.520(1) contains no

13  knowledge requirement and that liability may be imposed under that section absent

14  consciousness of any wrongdoing.").

15    66.    At all times relevant hereto, Defendants owed Plaintiff a duty to act in compliance

16  with the laws of the State of Nevada, including but not limited to one or more statutes contained

17  in the Nevada Revised Statutes, including but not limited to NRS Chapter 585.

18    67.    By failing to obey and comply with the Nevada Revised Statutes, by adulterating

19  its bottled water products, placing its bottled water products for sale, and/or placing its bottled

20  water products in the stream of commerce, Defendants violated Nevada law.

21    68.    Defendants' violation of Nevada law was the direct and proximate cause of

22  Plaintiff's injuries and damages as alleged herein.

23    69.    Nevada laws, rules, and regulations contained in the Nevada Revised Statutes exist

24  to prevent incidents such as the one complained of herein and to protect persons such as the

25  Plaintiff and others similarly situated.

26    70.    By violating Nevada laws, statutes, codes, rules, ordinances, and/or regulations,

27  Defendants were negligent *per se*.

28

-9-

71.    As a direct and proximate result of the Defendants' negligence *per se*, Plaintiff sustained the injuries, damages, and losses as set forth herein.

72.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has suffered and will continue to suffer significant physical injury, pain, suffering, and extreme and severe mental anguish and emotional distress.

73.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has suffered permanent and severe medical injuries including severe liver damage, severe pain and suffering, loss of normal life, and disability as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

74.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has and will incur past, present, and future medical expenses as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

75.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has incurred permanent injuries as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

76.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has had to retain the services of the law firm of NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred therein.

## FOURTH CAUSE OF ACTION
### (Negligence Against All Defendants)

77.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

78.    Defendants owed a duty of care to Plaintiff in the design, manufacture, construction, assembly, testing, labeling, distribution, marketing, and sale of RWI's and Affinity's bottled water products.

79.    Defendants RWI and Affinity breached this duty of care in contaminating their bottled water products, and/or allowing their bottled water products to be contaminated with toxins and/or other harmful contaminants unsafe for human consumption.

80.     Defendants Affinity and RWI breached their duty of care by failing to warn consumers that their bottled water products were contaminated.

81.     Defendants Affinity, RWI, Costco, and Instacart breached their duty of care by placing the contaminated bottled water products for sale, and/or placing the contaminated bottled water products in the stream of commerce.

82.     As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has suffered permanent and severe medical injuries including severe liver damage, severe pain and suffering, loss of normal life, and disability as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

83.     As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has and will incur past, present, and future medical expenses as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

84.     As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has incurred permanent injuries as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

85.     As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has had to retain the services of the law firm of NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred therein.

**FIFTH CAUSE OF ACTION**
**(Violation of Nevada Deceptive Trade Practices Act – NRS §§ 598.0903 to 598.0999**
**Against Defendants RWI and Affinity)**

86.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

87.     At all times relevant herein, Defendants Affinity and RWI violated the Nevada Deceptive Trade Practices Act, §§ 598.0903 to 598.0999, by representing to its Nevada customers and consumers that their manufactured and sold bottled water products were safe and failed to take into consideration the damages consumers throughout Nevada would sustain through the use of Defendants' unsafe products.

-11-

88.    Defendants Affinity and RWI made false or misleading statements of fact concerning the safety of their products ("the healthiest drinking water available today") and intentionally omitted reference to the dangerous toxins and/or other harmful contaminants contained in their products in violation of NRS 598.0915(13), and otherwise made knowingly false representations in their communications with Nevada consumers by representing that their products were safe.

89.    As a direct result of Defendants' conduct, Plaintiff has been deprived of fair and adequate bottled water products for which they paid, and to which they were fairly and lawfully entitled.

90.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has suffered permanent and severe medical injuries including severe liver damage, severe pain and suffering, loss of normal life, and disability as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

91.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has and will incur past, present, and future medical expenses as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

92.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has incurred permanent injuries as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

93.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has had to retain the services of the DOLAN LAW OFFICES, P.C. and the law firm of NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred therein.

**SIXTH CAUSE OF ACTION**
**(Strict Liability – Unreasonably Dangerous**
**Against All Defendants)**

94.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

95.    Defendants Affinity's and RWI's bottled water products are defective and

unreasonably dangerous because their elevated levels of toxins and/or other harmful contaminants rendered them unsuited to perform as reasonably expected in light of their nature and intended function.

96.     Defendants Affinity's and RWI's bottled water products are more dangerous than would be contemplated by the ordinary user having the ordinary knowledge available in the community given the presence of toxins and/or other harmful contaminants therein.

97.     Plaintiff was exposed to Defendants Affinity's and RWI's bottled water products through retail purchases (from Defendants Costco and Instacart) and consumption of the same, as was intended by Defendants Affinity and RWI.

98.     Safer alternative ingredients, materials, and/or designs were available at all relevant times, beginning when Plaintiff first purchased Defendants Affinity's and RWI's bottled water products.

99.     As a direct and proximate result of the elevated levels of toxins and/or other harmful contaminants in Defendants Affinity's and RWI's bottled water products, Plaintiff has suffered permanent and severe medical injuries including severe liver damage, severe pain and suffering, loss of normal life, and disability as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

100.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has and will incur past, present, and future medical expenses as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

101.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has incurred permanent injuries as alleged herein, and all to Plaintiff's damage in a sum in excess of $15,000.00.

102.    In carrying out its responsibilities for the design, manufacture, testing, labeling, distribution, marketing, and sale of their bottled water products, Defendants acted with fraud, malice, express or implied, oppression and/or conscious disregard of the safety of others. As a direct and proximate result of the conduct of Defendants, Plaintiff is entitled to punitive damages in excess of this Court's jurisdictional minimum.

-13-

103.    As the actual, direct, proximate, and legal result of the acts of Defendants, and each of them, as alleged herein Plaintiff has had to retain the services of the law firm of NETTLES | MORRIS to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred therein.

**WHEREFORE**, Plaintiff expressly reserving the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays for judgment against the Defendants, and each of them, as follows:

1.    For general and special damages in excess of $15,000;

2.    For past and future medical expenses in a sum to be determined at trial;

3.    For general damages for pain, suffering, mental distress, anguish and fear, to be determined at trial;

4.    For punitive damages pursuant to NRS Chapter 42;

5.    For a determination that Defendants were negligent *per se;*

6.    For any and all pre- and post-judgment interest allowed under the law;

7.    For reasonable attorney's fees plus costs of suit, and

8.    For such other and further relief as the court may deem just and proper.

DATED this 30th day of July, 2021.

NETTLES | MORRIS

 /s/ Andréa L. Vieira
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
ANDRÉA L. VIEIRA, ESQ.
Nevada Bar No. 15667
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiff*
