1   MICHAEL A. FEDERICO (SBN 005946)
      mfederico@ocgas.com
2   **OLSON CANNON GORMLEY & STOBERSKI**
    9950 West Cheyenne Avenue
3   Las Vegas, Nevada  89129
    Telephone:    (702) 384-4012
4   Facsimile:    (702) 383-0701

5   KELLEY S. OLAH (*Pro Hac Vice*)
      KOlah@btlaw.com
6   NOUSHAN NOUREDDINI (*Pro Hac Vice*)
      NNoureddini@btlaw.com
7   **BARNES & THORNBURG LLP**
    2029 Century Park East, Suite 300
8   Los Angeles, California  90067
    Telephone:    (310) 284-3880
9   Facsimile:    (310) 284-3894

10  Attorneys for Defendants
    COSTCO WHOLESALE CORPORATION;
11  MAPLEBEAR INC. d/b/a INSTACART

12

13                **UNITED STATES DISTRICT COURT**

14                    **DISTRICT OF NEVADA**

15

16  KRISTINA A. BIENEK, an individual,    | Case No. 2:21-cv-02005-APG-DJA

17              Plaintiff,                 | **STIPULATION BETWEEN DEFENDANTS
                                           | MAPLEBEAR INC. d/b/a INSTACART,**
18  v.                                     | **COSTCO WHOLESALE CORPORATION,
                                           | AFFINITYLIFESTYLES.COM, INC. d/b/a**
19  AFFINITYLIFESTYLES.COM, INC. d/b/a     | **REAL WATER, AND REAL WATER INC.**
    REAL WATER, a Nevada corporation; REAL | **AND PLAINTIFF KRISTINA A. BIENEK**
20  WATER INC., a Delaware Corporation;    | **AND [PROPOSED] ORDER TO STAY**
    COSTCO WHOLESALE CORP., a Delaware     | **DISCOVERY**
21  Corporation; MAPLEBEAR, INC. d/b/a
    INSTACART, a Delaware Corporation;
22  DOES 2 through 10, inclusive; ROE      | Complaint Filed: July 30, 2021
    CORPORATIONS 11 through 20, inclusive;
23  and ABC LIMITED LIABILITY
    COMPANIES 21 through 30, inclusive,
24
                Defendants.
25

26

27  / / /

28  / / /

1

## RECITALS

2        Plaintiff Kristina A. Bienek ("Plaintiff") and Defendants Maplebear Inc. d/b/a Instacart

3    ("Instacart"), Costco Wholesale Corporation ("Costco"), AffinityLifestyles.com, Inc. d/b/a Real

4    Water ("AffinityLifestyles.com, Inc."), and Real Water Inc. ("Real Water")[1] (collectively the

5    "Parties"), by and through their respective counsel of record, do hereby stipulate and respectfully

6    request an order staying all discovery in this matter pending resolution of Plaintiff's Motion to

7    Remand to State Court [ECF Dkt. No. 18].

8        On July 30, 2021, Plaintiff filed this matter in Eighth Judicial District Court, Clark County,

9    Case No. A-21-838724-C.  On November 5, 2021, Costco and Instacart removed this action to the

10    United States District Court for the District of Nevada.  *See* Petition for Removal [ECF Dkt. No. 1].

11    On November 26, 2021, Plaintiff filed a Motion to Remand to State Court ("Plaintiff's Motion").

12    *See* Plaintiff's Motion [ECF Dkt. No. 18].  On December 10, 2021, Costco and Instacart filed a

13    response to Plaintiff's Motion.  *See* Costco's and Instacart's Response [ECF Dkt. No. 21].  On

14    December 17, 2021, Plaintiff filed her reply brief in support of her Motion.  *See* Plaintiff's Reply

15    [ECF Dkt No. 25].  Plaintiff's Motion is fully briefed and remains pending before this Court.

16        On October 8, 2021, the United States Bankruptcy Court for the District of Nevada entered

17    an Order Approving Stipulation Allowing Claimants Relief From The Automatic Stay To Liquidate

18    Alleged Personal Injury Claims In State Court Litigation (ECF No. 16), which allowed

19    AffinityLifestyles.com, Inc. and Real Water to proceed with discovery and evidence preservation.

20    Costco, Instacart, and Plaintiff are likewise not precluded from preserving evidence.

21        Courts have broad discretionary power to control discovery including the decision to allow

22    or deny discovery.  *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In cases

23    like this, a temporary stay of discovery will promote the goals of Rule 1 of the Federal Rules of

24    Civil Procedure, "to secure the just, speedy, and inexpensive determination" of this action –

25

26    [1] Nothing in this stipulation alters Costco's and Instacart's position, as stated in their Notice of

27    Removal, ECF Dkt. No. 1, and their opposition to Plaintiff's Motion to Remand, ECF Dkt. No. 21, that AffinityLifestyles.com and Real Water have been deemed nominal defendants in this action by stipulation and court order and as a result, their citizenship should not be considered for purposes

28    of determining diversity jurisdiction.

conserving judicial resources and promoting a more efficient disposition of the threshold jurisdictional and venue issues, which should be made at the earliest stage of litigation. Moreover, under Rule 26(c)(1), a court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding discovery. Fed. R. Civ. P. 26(c)(1).

Although a pending motion to remand is "not ordinarily a situation that in and of itself would warrant a stay of discovery," when the motion challenges jurisdiction or venue, or immunity, a stay is proper. *See Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *Hamrick v. Feldman*, 2013 U.S. Dist. LEXIS 49608, at *7 (D. Nev. Apr. 5, 2013); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (matters dealing with "preliminary issues of jurisdiction, venue, or immunity" typically warrant a stay of discovery).

Courts in this district have stayed discovery where, as here, a "preliminary peek" at the merits of the pending motion demonstrated: "[f]irst, the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought. Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery." *Tradebay, LLC*, 278 F.R.D. at 602. Further, this district has held that matters dealing with "preliminary issues of jurisdiction, venue, or immunity" typically warrant a stay of discovery. *Id.* at 603. Plaintiff's Motion raises threshold issues of whether or not this matter may even be heard in this forum and it will dictate the extent of any discovery necessary, if any. Accordingly, Plaintiff's Motion is dispositive. Further discovery is not needed to resolve Plaintiff's Motion.

Furthermore, this Court has wide discretion to control the conduct of pretrial discovery by any party to the action, and courts have routinely stayed pre-trial obligations, including merits discovery, when a motion to remand was pending before the court. *See Wilmington Sav. Fund Soc'y FSB v. El*, 2019 U.S. Dist. LEXIS 205380, at *3-5 (D. Nev. Nov. 25, 2019) (Nevada district court granted a plaintiff's motion to stay discovery while motion to remand was pending); *Hamrick v. Feldman*, 2013 U.S. Dist. LEXIS 49608, at *7 (D. Nev. Apr. 5, 2013) (Nevada district court

- 3 -

affirmed an order granting a stay of discovery due to the pendency of motion to remand).

The Parties agree that no prejudice will result by granting the stipulation to stay discovery at this juncture.  The Parties agree that given that at this early stage in the litigation there is no scheduling order in place, a case management conference with the Court has not yet been scheduled, deadlines for fact and expert discovery have not yet been established, and Plaintiff's Motion is fully briefed, a stay is appropriate and would not result in prejudice to the Parties or limit their ability to conduct discovery in the event that the Court denies Plaintiff's Motion.  Therefore, in order to avoid the hardship or inequity the Parties would suffer should the case immediately proceed despite Plaintiff's Motion, the Parties stipulate to a limited stay of discovery in this action until the Court issues decisions on Plaintiff's Motion, such that discovery will be stayed with the exception that the parties shall be permitted to continue their evidence preservation efforts.  Proceeding in this manner would preserve both judicial and party resources and promote efficiency.

## STIPULATION

IT IS HEREBY STIPULATED by and between the Parties as follows:

1.    WHEREAS, discovery is stayed pending a decision on Plaintiff's Motion to Remand to State Court, with the exception that the parties shall be permitted to continue their ongoing efforts to preserve evidence.

2.    WHEREAS, alternatively, in the event that the Court denies Plaintiff's Motion, the Parties shall conduct an Rule 26(f) Conference and then submit a proposed Joint Discovery Plan and Scheduling Order within forty-five (45) days of the Court's decision on Plaintiff's Motion.

3.    WHEREAS, this Stipulation is made in good faith and to preserve the resources of the judicial system and the Parties, is not interposed for delay, and is not filed for an improper purpose.

IT IS SO STIPULATED.

/ / /

/ / /

/ / /

/ / /

1   Dated:  January 18, 2022           Dated:  January 18, 2022

2

3   By: */s/ Andréa L. Vieira*              By: */s/ Noushan Noureddini*
       Christian M. Morris (SBN 11218)         Kelley S. Olah (*Pro Hac Vice*)

4       Andréa L. Vieira (SBN 15667)            Noushan Noureddini (*Pro Hac Vice*)
       **NETTLES | MORRIS**                **BARNES & THORNBURG LLP**

5

6       Attorneys for Plaintiff               Michael A. Federico (SBN 005946)
       KRISTINA A. BIENEK               **OLSON CANNON GORMLEY &**
                                     **STOBERSKI**

7

8                              Attorneys for Defendants
                              COSTCO WHOLESALE

9                              CORPORATION; MAPLEBEAR INC.
                              d/b/a INSTACART

10

11   Dated:  January 18, 2022

12

13   By: */s/ Jason W. Williams*
       Joel D. Odou

14       Jason W. Williams (SBN 8310)
       Xheni Ristani

15       L. Renee Green
       **WOOD, SMITH, HENNING &**

16       **BERMAN LLP**

17       Attorneys for Defendants
       AFFINITYLIFESTYLES.COM, INC.

18       d/b/a REAL WATER; REAL WATER
       INC.

19

20

21

22

23

24

25

26

27

28

Case No. 2:21-cv-02005-APG-DJA

**STIPULATION BETWEEN DEFENDANTS AND PLAINTIFF AND [PROPOSED] ORDER TO STAY DISCOVERY**

1

**[~~PROPOSED~~] ORDER**

2    Pursuant to the Parties' stipulated request, discovery is stayed pending a decision on Motion

3  to Remand to State Court, with the exception that the parties shall be allowed to continue their

4  evidence preservation efforts.  Alternatively, in the event that the Court denies Plaintiff's Motion,

5  the Parties shall conduct a Rule 26(f) Conference and then submit a proposed Joint Discovery Plan

6  and Scheduling Order within forty-five (45) days of the Court's decision on Plaintiff's Motion.

7    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

8

9  Dated: __January 20, 2022__     _____

10                                  Daniel J. Albregts
                                    United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIGNATURE ATTESTATION

I hereby attest that I have obtained the concurrence of Andréa L. Vieira, counsel for Plaintiff Kristina A. Bienek, and Jason W. Williams, counsel for Defendants AffinityLifestyles.com, Inc. and Real Water Inc., for the filing of this stipulation.


By: */s/ Noushan Noureddini*
Noushan Noureddini

**STIPULATION BETWEEN DEFENDANTS AND PLAINTIFF AND [PROPOSED] ORDER TO STAY DISCOVERY**