MICHAEL A. FEDERICO (SBN 005946)
  *mfederico@ocgas.com*
**OLSON CANNON GORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada  89129
Telephone:  (702) 384-4012
Facsimile:  (702) 383-0701

KELLEY S. OLAH (*Pro Hac Vice*)
  *KOlah@btlaw.com*
NOUSHAN NOUREDDINI (*Pro Hac Vice*)
  *NNoureddini@btlaw.com*
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California  90067
Telephone:  (310) 284-3880
Facsimile:  (310) 284-3894

Attorneys for Defendants
COSTCO WHOLESALE CORPORATION;
MAPLEBEAR INC. d/b/a INSTACART

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KRISTINA A. BIENEK, an individual,<br><br>             Plaintiff,<br><br>    v.<br><br>AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER, a Nevada corporation; REAL WATER INC., a Delaware Corporation; COSTCO WHOLESALE CORP., a Delaware Corporation; MAPLEBEAR, INC. d/b/a INSTACART, a Delaware Corporation; DOES 2 through 10, inclusive; ROE CORPORATIONS 11 through 20, inclusive; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>             Defendants. | Case No.  2:21-cv-02005-APG-DJA<br><br>**FURTHER STIPULATION BETWEEN DEFENDANTS MAPLEBEAR INC. d/b/a INSTACART, COSTCO WHOLESALE CORPORATION, AFFINITYLIFESTYLES.COM, INC. d/b/a REAL WATER, AND REAL WATER INC. AND PLAINTIFF KRISTINA A. BIENEK AND [PROPOSED] ORDER TO STAY DISCOVERY**<br><br>Complaint Filed:  July 30, 2021<br>Removal Date:    November 5, 2021 |

*/ / /*

*/ / /*

*/ / /*

1

1

## **RECITALS**

2

Plaintiff Kristina A. Bienek ("Plaintiff") and Defendants Maplebear Inc. d/b/a Instacart

3

("Instacart"), Costco Wholesale Corporation ("Costco"), AffinityLifestyles.com, Inc. d/b/a Real

4

Water ("AffinityLifestyles.com, Inc."), and Real Water Inc. ("Real Water") (collectively the

5

"Parties"), by and through their respective counsel of record, do hereby stipulate and respectfully

6

request an order staying all discovery in this matter pending resolution of Instacart's and Costco's

7

Motion to Compel Arbitration and Stay the Case, or, Alternatively, to Dismiss for Failure to State

8

Claims for Relief Pursuant to Rule 12(b)(6) [ECF Dkt. No. 7].

9

On July 30, 2021, Plaintiff filed this matter in Eighth Judicial District Court, Clark County,

10

Case No. A-21-838724-C.  On November 5, 2021, Costco and Instacart removed this action to the

11

United States District Court for the District of Nevada.  *See* Petition for Removal [ECF Dkt. No.

12

1].  On November 26, 2021, Plaintiff filed a Motion to Remand to State Court ("Plaintiff's

13

Motion").  *See* Plaintiff's Motion [ECF Dkt. No. 18].  On December 10, 2021, Costco and Instacart

14

filed a response to Plaintiff's Motion.  *See* Costco's and Instacart's Response [ECF Dkt. No. 21].

15

On December 17, 2021, Plaintiff filed her reply brief in support of her Motion.  *See* Plaintiff's

16

Reply [ECF Dkt No. 25].  In light of Plaintiff's pending Motion, on January 18, 2022, the Parties

17

entered into a Stipulation and Proposed Order to Stay Discovery, which the Court granted on

18

January 20, 2022 [ECF Dkt Nos. 30 and 31].  On February 23, 2022, the Court denied Plaintiff's

19

Motion to Remand [ECF Dkt No. 34].

20

On November 12, 2021, Instacart and Costco filed a Motion to Compel Arbitration and Stay

21

the Case, or, Alternatively, to Dismiss for Failure to State Claims for Relief Pursuant to Rule

22

12(b)(6) ("Defendants' Motion" or "Instacart's and Costco's Motion").  *See* Defendants' Motion

23

[ECF Dkt. No. 7].  On November 26, 2021, Plaintiff filed a response to Defendants' Motion.  *See*

24

Plaintiff's Response [ECF Dkt. No. 17].  On December 3, 2021, Instacart and Costco filed their

25

reply brief in support of Defendants' Motion.  *See* Defendants' Reply [ECF Dkt. No. 20].

26

Instacart's and Costco's Motion is fully briefed and remains pending before this Court.

27

On October 8, 2021, the United States Bankruptcy Court for the District of Nevada entered

28

an Order Approving Stipulation Allowing Claimants Relief From The Automatic Stay To Liquidate

2

1    Alleged Personal Injury Claims In State Court Litigation [ECF Dkt No. 16], which allowed
2    AffinityLifestyles.com, Inc. and Real Water to proceed with discovery and evidence preservation.
3    Costco, Instacart, and Plaintiff are likewise not precluded from preserving evidence.

4          Courts have broad discretionary power to control discovery including the decision to allow
5    or deny discovery.  *See*, *e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In cases
6    like this, a temporary stay of discovery will promote the goals of Rule 1 of the Federal Rules of
7    Civil Procedure, "to secure the just, speedy, and inexpensive determination" of this action –
8    conserving judicial resources and promoting a more efficient disposition of the threshold
9    jurisdictional and venue issues, which should be made at the earliest stage of litigation.  Moreover,
10   under Rule 26(c)(1), a court may issue an order to protect a party or person from annoyance,
11   embarrassment, oppression, or undue burden or expense, including forbidding discovery.  Fed. R.
12   Civ. P. 26(c)(1).

13         Although a pending motion to dismiss is "not ordinarily a situation that in and of itself
14   would warrant a stay of discovery," when the motion challenges jurisdiction or venue, or immunity,
15   a stay is proper.  *See Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D.
16   Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp*., 175 F.R.D. 554, 556 (D. Nev.
17   1997); *see also Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 602 (D. Nev. 2011) (matters dealing
18   with "preliminary issues of jurisdiction, venue, or immunity" typically warrant a stay of discovery).

19         Courts in this district have stayed discovery where, as here, a "preliminary peek" at the
20   merits of the pending motion demonstrated: "[f]irst, the pending motion must be potentially
21   dispositive of the entire case or at least dispositive on the issue on which discovery is sought.
22   Second, the court must determine whether the pending potentially dispositive motion can be
23   decided without additional discovery."  *Tradebay, LLC*, 278 F.R.D. at 602.  Further, this district
24   has held that matters dealing with "preliminary issues of jurisdiction, venue, or immunity" typically
25   warrant a stay of discovery.  *Id*. at 603.  Instacart's and Costco's Motion raises threshold issues of
26   whether or not this matter may even be heard in this forum and it will dictate the extent of any
27   discovery necessary, if any.  Accordingly, Instacart's and Costco's Motion is dispositive.  Further
28   discovery is not needed to resolve Instacart's and Costco's Motion.

Furthermore, this Court has wide discretion to control the conduct of pretrial discovery by any party to the action, and courts have routinely stayed pre-trial obligations, including merits discovery, when a motion to compel arbitration was pending before the court. *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013) (staying discovery pending decision on motion to compel arbitration and dismiss, reasoning that "[t]he issues before the Court in the pending dispositive motion do not require further discovery and are potentially dispositive of the entire case[.]"); *see also Andrus v. D.R. Horton, Inc.*, 2012 WL 1971326 (D. Nev. June 1, 2012) (granting defendant's motion to stay discovery pending ruling on defendant's motion to compel arbitration); *Steiner v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) ("Indeed, [stay in discovery] is a common practice while motions to compel are pending."); *Cunningham v. Van Ru Credit Corp.*, 2006 WL 2056576, at *2 (E.D. Mich. July 21, 2006) (staying merits discovery pending resolution of motion to compel arbitration); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F.Supp.2d 1277, 1281 (D. Colo. 2004) (court issued a stay of "all discovery and pretrial scheduling" pending resolution of motion to compel arbitration).

The Parties agree that no prejudice will result by granting the stipulation to stay discovery at this juncture. The Parties agree that given that at this early stage in the litigation there is no scheduling order in place, a case management conference with the Court has not yet been scheduled, deadlines for fact and expert discovery have not yet been established, and Instacart's and Costco's Motion is fully briefed, a stay is appropriate and would not result in prejudice to the Parties or limit their ability to conduct discovery in the event that the Court denies Defendants' Motion. Therefore, in order to avoid the hardship or inequity the Parties would suffer should the case immediately proceed despite Instacart's and Costco's Motion, the Parties stipulate to a limited stay of discovery in this action until the Court issues decisions on Defendants' Motion, such that discovery will be stayed with the exception that the Parties shall be permitted to continue their evidence preservation efforts, including, but not limited to, attending inspections relating to facilities previously operated by Defendants AffinityLifestyles.com, Inc. and Real Water Inc. or similar evidentiary preservation events that are noticed by the Parties in the companion Real Water cases in state court, as long as

4

1  notice is given to the Parties in this matter as to such events.  Proceeding in this manner would

2  preserve both judicial and party resources and promote efficiency.

3  ### **STIPULATION**

4  IT IS HEREBY STIPULATED by and between the Parties as follows:

5  1.      WHEREAS, discovery is stayed pending a decision on Instacart's and Costco's

6  Motion to Compel Arbitration and Stay the Case, or, Alternatively, to Dismiss for Failure to State

7  Claims for Relief Pursuant to Rule 12(b)(6), with the exception that the Parties shall be permitted

8  to continue their ongoing efforts to preserve evidence, including, but not limited to, attending

9  inspections relating to facilities previously operated by Defendants AffinityLifestyles.com, Inc. and

10  Real Water Inc. or similar evidentiary preservation events that are noticed by the Parties in the

11  companion Real Water cases in state court, as long as notice is given to the Parties in this matter as

12  to such events.

13  2.      WHEREAS, alternatively, in the event that the Court denies Instacart's and Costco's

14  Motion, the Parties shall conduct an Rule 26(f) Conference and then submit a proposed Joint

15  Discovery Plan and Scheduling Order within forty-five (45) days of the Court's decision on

16  Defendants' Motion.

17  3.      WHEREAS, the Court shall set a status conference within six (6) months of this

18  Order.  In the event that the Court issues its decision on Instacart's and Costco's Motion prior to

19  the status conference, the status conference shall be vacated.

20  4.      WHEREAS, this Stipulation is made in good faith and to preserve the resources of

21  the judicial system and the Parties, is not interposed for delay, and is not filed for an improper

22  purpose.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

FURTHER STIPULATION BETWEEN DEFENDANTS AND PLAINTIFF AND [PROPOSED] ORDER TO
STAY DISCOVERY

1    IT IS SO STIPULATED.

2

3    Dated:        April 13, 2022              Dated:        April 13, 2022

4

5    By: */s/ Alexandra B. McLeod*            By: */s/ Noushan Noureddini*
        Christian M. Morris (SBN 11218)          Kelley S. Olah (*Pro Hac Vice*)
6       Alexandra B. McLeod (SBN 8185)           Noushan Noureddini (*Pro Hac Vice*)
        **NETTLES | MORRIS**                     **BARNES & THORNBURG LLP**
7
        Attorneys for Plaintiff                  Michael A. Federico (SBN 005946)
8       KRISTINA A. BIENEK                       **OLSON CANNON GORMLEY &**
                                                 **STOBERSKI**
9
                                                 Attorneys for Defendants
10                                               COSTCO WHOLESALE
                                                 CORPORATION; MAPLEBEAR INC.
11                                               d/b/a INSTACART

12   Dated:        April 13, 2022

13

14   By: */s/ Joel D. Odou*
        Joel D. Odou
15      Jason W. Williams (SBN 8310)
        Xheni Ristani
16      L. Renee Green
        **WOOD, SMITH, HENNING &**
17      **BERMAN LLP**

18      Attorneys for Defendants
        AFFINITYLIFESTYLES.COM, INC.
19      d/b/a REAL WATER; REAL WATER
        INC.

20

21                        **SIGNATURE ATTESTATION**

22        I hereby attest that I have obtained the concurrence of Alexandra B. McLeod, counsel for

23   Plaintiff Kristina A. Bienek, and Joel D. Odou, counsel for Defendants AffinityLifestyles.com, Inc.

24   and Real Water Inc., for the filing of this stipulation.

25

26                                    By: */s/ Noushan Noureddini*
                                          Noushan Noureddini
27

28

                                      6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ORDER</u>

Pursuant to the Parties' stipulated request, discovery is stayed pending a decision on Instacart's and Costco's Motion to Compel Arbitration and Stay the Case, or, Alternatively, to Dismiss for Failure to State Claims for Relief Pursuant to Rule 12(b)(6), with the exception that the Parties shall be allowed to continue their evidence preservation efforts, including, but not limited to, attending inspections relating to facilities previously operated by Defendants AffinityLifestyles.com, Inc. and Real Water Inc. or similar evidentiary preservation events that are noticed by the Parties in the companion Real Water cases in state court, as long as notice is given to the Parties in this matter as to such events.  Alternatively, in the event that the Court denies Defendants' Motion, the Parties shall conduct a Rule 26(f) Conference and then submit a proposed Joint Discovery Plan and Scheduling Order within forty-five (45) days of the Court's decision on Defendants' Motion.   The Court declines to set a status conference.

Accordingly, IT IS ORDERED that the Stipulation is granted in part and denied in part.

DATED this 15th day of April, 2022.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

FURTHER STIPULATION BETWEEN DEFENDANTS AND PLAINTIFF AND [PROPOSED] ORDER TO STAY DISCOVERY